UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ZENGZENG LIU, a/k/a "Bella,"<br><br>Defendant | ) Criminal No.   26cr10190<br>)<br>) Violation:<br>)<br>)<br>) Count One: Knowingly Persuading an<br>) Individual to Travel in Interstate Commerce to<br>) Engage in Prostitution<br>) (18 U.S.C. § 2422(a))<br>)<br>) Counts Two–Four: Use of Facilities of Interstate<br>) or Foreign Commerce in Aid of Racketeering<br>) Enterprises; Aiding and Abetting<br>) (18 U.S.C. §§ 1952(a)(3) & 2)<br>)<br>) Forfeiture Allegations:<br>) (18 U.S.C. §§ 981(a)(1)(C), 2428(a) & 28<br>) U.S.C. § 2461(c)) |

INDICTMENT

At all times relevant to this Indictment:

General Allegations

1.      The defendant ZENGZENG LIU, a/k/a "Bella," was a Chinese national, a lawful permanent resident of the United States, and a resident of Flushing, New York.

2.      The Allston-Brighton Sex Trafficking Operation ("Allston-Brighton STO") was an international commercial sex operation that was operated by the defendant and others known and unknown to the Grand Jury.   Through the Allston-Brighton STO, the defendant and others known and unknown to the Grand Jury recruited women, including foreign nationals from Japan and Vietnam, to travel to Boston, Massachusetts to perform sex acts for sex buyers.   The defendant used foreign national middlemen to identify women who would perform the commercial sex acts. The defendant then directed the women to specific apartments in the Allston-Brighton

1

neighborhood of Boston where the commercial sex acts occurred (hereinafter, the "residential brothels"). These locations included 365 Western Avenue in Brighton; 83 Gardner Street in Allston; and 50 Hichborn Street in Brighton. To attract sex buyers for the Allston-Brighton STO, the defendant posted advertisements on commercial sex advertising websites and communicated with sex buyers to direct them to the residential brothels.

3. Victim-1 was a Japanese national. Between on or about May 16, 2026, and on or about May 18, 2026, Victim-1 engaged in commercial sex at the 50 Hichborn Street residential brothel. The defendant used facilities of interstate commerce, including cellular telephones and mobile communication applications, to dispatch commercial sex buyers to that location.

Massachusetts State Prostitution Law

4. As relevant to this Indictment, the Commonwealth of Massachusetts criminalizes the following prostitution offenses:

> Whoever engages, agrees to engage or offers to engage in sexual conduct with another person in return for a fee, shall be punished by imprisonment in the house of correction for not more than 1 year or by a fine of not more than $500, or by both such imprisonment and fine, whether such sexual conduct occurs or not, pursuant to Massachusetts General Laws, Ch. 272, Section 53A(a).

Facilities of Interstate and Foreign Commerce

5. The following constitute facilities of interstate and foreign commerce and were used by the defendant to promote, manage, establish, carry on, and otherwise facilitate the business of the Allston-Brighton STO:

   a. The Internet, including but not limited to advertisement websites, including the websites https://xiaohuli668.com and hougong521.com, where individuals and businesses could post classified-type advertisements;

2

b. National telephone networks and global communication companies, including T-Mobile US, Inc., and Verizon Communications, Inc.;

c. WhatsApp, an instant messaging and voice over IP (VoIP) mobile application that was headquartered in California; and

d. WeChat, a China-based instant messaging, social media, and oral and audio communication application.

<u>The Allston-Brighton STO Enterprise</u>

6. The Allston-Brighton STO, including its members and associates, constitutes a business enterprise defined in Title 18, United States Code, Section 1952(b)(i)(1), that is, a business enterprise involving prostitution offenses in violation of the laws of the State in which they are committed, to wit, Massachusetts, or the United States.

7. The purposes of the Allston-Brighton STO include the following:

a. Recruiting women, who were primarily foreign nationals, and persuading them to travel to the Allson-Brighton neighborhood of Boston, Massachusetts, to engage in commercial sex.

b. Dictating when and where the women engaged in commercial sex and demanding a commission for any sex acts performed by the women.

c. Attracting sex buyers by posting online advertisements containing a telephone number linked to defendant ZENGZENG LIU, a/k/a "Bella."

d. Communicating with the women performing the commercial sex acts using WeChat, a China-based encrypted text application.

e.  Using fraud, deceit, and altered and forged documents to obtain and control apartments in Boston that served as residential brothels.

<u>COUNT ONE</u>
Knowingly Persuading an Individual to Travel
in Interstate Commerce to Engage in Prostitution
(18 U.S.C. § 2422(a))

The Grand Jury charges:

8.    The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 7 of this Indictment.

9.    In or around May 2026, in Boston, in the District of Massachusetts, the Eastern District of New York, the Central District of California, and elsewhere, the defendant,

ZENGZENG LIU, a/k/a "Bella,"

did knowingly persuade, induce, entice, and coerce any individual, to wit, Victim 1, a person known to the Grand Jury, to travel in interstate and foreign commerce to engage in prostitution and any sexual activity for which any person can be charged with a criminal offense.

All in violation of Title 18, United States Code, Section 2422(a).

5

COUNTS TWO–FOUR
Use of Facilities in Interstate or Foreign Commerce
in Aid of Racketeering Enterprises; Aiding and Abetting
(18 U.S.C. §§ 1952(a)(3) and 2)

The Grand Jury further charges that:

10.    The allegations contained in paragraphs 1 through 7 of the Indictment are realleged and incorporated by reference as though fully set forth herein.

11.    On the dates set forth below, in the District of Massachusetts, the Eastern District of New York, and elsewhere, the defendant, ZENGZENG LIU, a/k/a "Bella," in each count below, did knowingly use and cause to be used a facility in interstate and foreign commerce, as specified in each count, with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, that is, business enterprises involving prostitution, in violation of the laws of the Commonwealth of Massachusetts, and thereafter performed and attempted to perform an act to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of such unlawful activity:

| Count | Use of Facility in Interstate or Foreign Commerce |
|---|---|
| 2 | On or about October 7, 2025, defendant ZENGZENG LIU, a/k/a "Bella," using a WhatsApp account assigned a call number ending in -6668, told an undercover law enforcement officer in Massachusetts that in exchange for $600, LIU would provide a woman with whom the undercover law enforcement officer could have unprotected vaginal sex. |
| 3 | On or about May 4, 2026, defendant ZENGZENG LIU, a/k/a "Bella," using a WhatsApp account assigned a call number ending in -6668, communicated with an undercover law enforcement officer in Massachusetts to arrange a commercial sex encounter in an apartment at 50 Hichborn Street, Brighton, Massachusetts that was serving as a residential brothel. |
| 4 | On or about May 16, 2026, defendant ZENGZENG LIU, a/k/a "Bella," using a WeChat account with username "Bella," directed Victim-1 to an apartment at 50 Hichborn Street, Brighton, Massachusetts that was serving as a residential brothel. |

All in violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

<u>FORFEITURE ALLEGATIONS</u>
(18 U.S.C. §§ 981(a)(1)(C), 2428(a) and 28 U.S.C. § 2461(c))

1.　　Upon conviction of the offense in violation of Title 18, United States Code, Section 2422(a), set forth in Count One, the defendant,

ZENGZENG LIU, a/k/a "Bella,"

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2428(a), and Title 28, United States Code, Section 2461(c), any property, real or personal, used or intended to be used to commit or to facilitate the commission of such offense; and, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Section 2428(a), and Title 28, United States Code, Section 2461(c), any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of such offense.

2.　　Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 1952(a)(3), set forth in Counts Two through Four, the defendant,

ZENGZENG LIU, a/k/a "Bella,"

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

3.　　If any of the property described in paragraphs 1 and 2, above, as being forfeitable pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 2428(a), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant–

　　　　a.　cannot be located upon the exercise of due diligence;

　　　　b.　has been transferred or sold to, or deposited with, a third party;

8

c.  has been placed beyond the jurisdiction of the Court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraphs 1 and 2 above.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 2428(a), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

███████████████████████████

FOREPERSON

BRIAN A. FOGERTY
CHRISTOPHER POHL
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF MASSACHUSETTS

District of Massachusetts: June 24, 2026
Returned into the District Court by the Grand Jurors and filed.

DEPUTY CLERK   at 3:18 pm

9